UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TORANCE W. LACOUR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| (1) THE TULSA CITY-COUNTY JAIL; | ) ) ) | Case No. 11-CV-696 JHP PJC |
| (2) TULSA COUNTY SHERIFF'S DEPARTMENT; | ) ) ) ) | |
| (3) THE BOARD OF COUNTY COMMISSIONERS; | ) ) ) | |
| (4) ARAMARK, INC.; | ) ) | |
| (5) CORRECTIONAL HEALTHCARE MANAGEMENT; | ) ) ) | |
| (6) H.G. STEGE; and | ) ) | |
| (7) SEVERAL UNNAMED EMPLOYEES. | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are the Motion to Dismiss Defendants Tulsa County Sheriff's Office,[1] Plaintiff's Response to Defendant's Motion to Dismiss Defendants Tulsa County Sheriff's Office,[2] the Special Entry of Appearance and Motion to Dismiss Plaintiff's Complaint of Defendant Correctional Healthcare Management,[3] the Motion to Dismiss Defendants Tulsa County Board of

---

[1] Docket No. 8.

[2] Docket No. 27.

[3] Docket No. 11.

County Commissioners and Brief in Support,[4] Defendant H.G. Stege's Motion to Dismiss,[5] and Plaintiff's Motion for Entry of Default.[6]

## BACKGROUND

Plaintiff Torance W. LaCour, acting *pro se*, brings the instant §1983 action arising from his October 7, 2009 arrest on outstanding traffic warrants and his subsequent two-month incarceration at David L. Moss Correctional Facility (DLM) in Tulsa, Oklahoma through November 10, 2009.[7] In his Complaint, Plaintiff makes a series of factual allegations narrating the sequence of events from his arrest through his incarceration. This narration alleges multiple violations under the First, Fourth, Fifth, Eighth and Fourteenth Amendment to the United States Constitution.[8]

Plaintiff first contends he was subjected to an illegal search and other deprivations upon his arrest. Plaintiff further alleges that during his incarceration at DLM: (1)Plaintiff was initially housed in the medical unit against his will where he was essentially "locked down" and was denied attendance at religious services; (2) Plaintiff was denied daily showers, and "sometimes" went for "up to three days" without a shower; (3) Plaintiff was subjected to extremely cold temperatures while housed in the medical unit and denied access to hot water for coffee or soup; (4) Plaintiff was denied phone privileges while in the medical unit; (5) Plaintiff was denied his preferred brand of insulin and disagreed with the dosage administered throughout his incarceration; (6) Plaintiff was

---

[4]Docket No. 36.

[5]Docket No. 42.

[6]Docket No. 39.

[7]*See* Plaintiff's Response at 27

[8]Complaint at 4-5, Docket No. 2.

2

denied access to the DLM law library and his requested legal materials; and (7) Plaintiff was denied a work assignment outside the facility.[9]

On November 7, 2011, nearly two full years after his release from DLM, Plaintiff filed the instant Complaint.[10] After filing his Complaint, Defendants began filing motions to dismiss it. Each of the Defendants' motions raises that Plaintiff's Complaint is time-barred based on the statute of limitations for Oklahoma §1983 actions. This issue is ultimately dispositive.[11]

## DISCUSSION

The limitations period for a § 1983 claim is governed by the forum state's limitation for personal injury actions.[12] In Oklahoma, that period is two years.[13] When a Complaint shows on its face that the applicable statute of limitations has expired, dismissal for failure to state a claim is appropriate.[14]

With respect to the alleged Fourth and Fifth Amendment deprivations related to Plaintiff's arrest, the limitations period began running at the time of Plaintiff's arrest on October 9, 2009 and

---

[9]*Id.*

[10]*Id.*

[11]The Court also notes that Plaintiff failed to timely respond to the Motions to Dismiss of either Correctional Healthcare Management (CHM) or the Tulsa County Board of Commissioners (Docket No.'s 11 and 36). Plaintiff failed to respond to CHM's Motion to Dismiss despite being granted multiple extensions of time to respond by this Court. (*See* Docket No.'s 29, 31). More than 14 days have run since the expiration of Plaintiff's deadline to respond to these motions. Pursuant to Northern District of Oklahoma L.Cv. R. 7.2(f) the Court could deem those motions confessed.

[12]*Frederick v. Oklahoma*, 42 F.3d 1406, 1406 (10th Cir.1994) (*citing Wilson v. Garcia,* 471 U.S. 261, 266-67 (1985)).

[13]*Id.* (*citing* OKLA. STAT. TIT. 12 § 95(A)(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir.1988)).

[14]*Id.*

3

therefore passed on October 9, 2011. Plaintiff's Complaint was filed on November 7, 2011 nearly one month after the limitations period had passed and nearly two years after Plaintiff had been released from DLM. As such, any of Plaintiff's claims related to his arrest, including all claims against Defendant Stege, are time-barred.

Looking to Defendant's other claims under the First, Eighth, and Fourteenth Amendments, the Court notes Plaintiff's Complaint does not specify the dates of each of the alleged constitutional violations. However, the only remaining allegations in Plaintiff's Complaint even approaching the "sufficiently serious" bar required to establish a constitutional violation occurred while Plaintiff was housed in DLM's medical unit.[15] Thus, any cause of action related to Plaintiff's treatment in the DLM medical unit accrued no later than Plaintiff's transfer from the medical unit to general population on October 29, 2009.[16] The statute of limitations for any viable allegations therefore ran on October 29, 2011, and all claims contained in Plaintiff's November 7, 2011 Complaint arising from Plaintiff's treatment in the medical unit are time-barred.

As to any deprivations possibly occurring within the statutory period, the Court notes that Plaintiff's Complaint does not specifically allege constitutional deprivations occurring in the 12 days after Plaintiff was released into general population, let alone any deprivations specifically occurring between November 7, 2009, the first date within the two-year limitations period, and November 10, 2009, the date of Plaintiff's release from DLM. Further, any of Plaintiff's imprecise allegations that could fairly be said to have occurred within the statutory period (*e.g.*, denial of Plaintiff's preferred

---

[15]The Court does not specifically find that any of Plaintiff's allegations meet the sufficiently serious standard, but notes that the only remotely plausible allegations stem from Plaintiff's time in the DLM medical unit. *See* Plaintiff's Complaint at 3-4, Docket No. 2.

[16]*See* Motion to Dismiss of Defendants Tulsa County Sheriff's Office at 6, Docket 8.

4

brand of insulin, denial of daily showers) cannot be considered "sufficiently serious" so as to amount to a constitutional deprivation.[17] As such, any such claims are implausible, and subject to dismissal pursuant to Rule 12(b)(6).[18]

Although his claims are time-barred, Plaintiff seeks equitable tolling under the continuing violation doctrine.[19] The continuing violation doctrine is used primarily in the employment context and has not been applied to §1983 cases in this Circuit. In fact, the Tenth Circuit has specifically declined to decide on the continuing violation doctrine's applicability to §1983 actions.[20] Further, rather than alleging any continuing injury, Plaintiff's Complaint alleges a series of discrete deprivations, thus Plaintiff's Complaint fails to fairly allege any continuing *constitutional* injury that would invoke the continuing violations doctrine if such relief was available.[21] As such, Plaintiff is not entitled to equitable tolling pursuant to the continuing violation doctrine.

Looking to whether any other equitable tolling is available, the Court notes State law generally governs tolling in § 1983 cases.[22] Oklahoma discovery rules toll the statute of limitations "until an injured party knows of, or, in the exercise of reasonable diligence, should have known of

---

[17]*See Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (discussing objective requirement that an alleged deprivation be "sufficiently serious" that it rises to "cruel and unusual punishment") (*citing Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981).

[18]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 570 (2007)) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'")

[19]Plaintiff's Response at 9, Docket No. 27.

[20]*Fogle v. Slack*, 419 Fed.Appx. 860, 864-65 (10th Cir.2011) ("[T]his court has yet to decide whether the continuing violation doctrine applies in § 1983 cases, and we decline to do so now").

[21]*See* Plaintiff's Response at 9, Docket No. 27 (basing continuing violation argument on failure to provide preferred brand of insulin).

[22]*Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006).

5

or discovered the injury."[23] Here it is clear from Plaintiff's Complaint that Plaintiff recognized each alleged injury at the time of occurrence through the month of October 2009, therefore equitable tolling is inappropriate.

Plaintiff also seeks tolling of the limitations period based upon his allegation that he was denied access to legal materials. Plaintiff alleges that he was denied access to the DLM law library and was given inadequate materials with which to pursue his claim while incarcerated.[24] This allegation lacks merit for multiple reasons, not the least of which is the nearly two years that passed between Plaintiff's release from DLM and the filing of his Complaint. During that two years after his release Plaintiff was not hindered by the inability to independently pursue counsel. Further, Plaintiff's efforts in pursuing his claim were not hampered by the allegedly inadequate law library materials and staff at DLM. As such, any allegation that lack of access to legal materials during Plaintiff's one-month incarceration contributed to his tardy filing is wholly without merit.[25]

## CONCLUSION

Any plausible claims contained in Plaintiff's Complaint are barred by the applicable statute of limitations. Furthermore, Plaintiff is not entitled to equitable tolling on any of those claims. Consequently, Plaintiff has failed to state any claim upon which relief can be granted. As such, the

---

[23]*Lovelace v. Keohane*, 1992 OK 24, ¶25, 831 P.2d 624, 629.

[24]Plaintiff's Response at 7, Docket No. 27.

[25]*See, e.g.,* Slack, 419 Fed. Appx. at 865 (acknowledging District Court's rejection of denial of access allegation where plaintiff was denied materials while in administrative segregation, but had been released from segregation two years prior to filing complaint).

Defendants' Motions to Dismiss are **GRANTED**.[26] Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. As the claims against Defendant Stege were time-barred at the time of filing, Plaintiff's Motion for Default Judgment against Defendant Stege is **DENIED**.[27]

**IT IS SO ORDERED** this 27th of September, 2012.

_James H. Payne_
United States District Judge
Northern District of Oklahoma

---

[26] Docket No's. 8, 11, 36, 42.

[27] Docket No. 39.